# CHARLESTON.

STATE *ex rel.* LAWRENCE VERNET *et al. v.* CLAY B. WELLS *et al.*

Submitted October 12, 1920.  Decided October 14, 1920.

(Opinion filed October 19, 1920).

1. ELECTIONS—*Ballot Commissioners Cannot Place Names of Persons Not Nominated on Ballot.*

   Ballot commissioners cannot lawfully place on any ticket, the name of any person to be voted for in an election, who has not been nominated agreeably to law.  (p. 276).

2. SAME—*Certificates of Candidates Nominated by Conventions or Groups of Citizens Must be Filed in Time Prescribed.*

   A political party having no national organization, or any group of citizens, may nominate candidates by conventions or certificates signed by voters as provided in sec. 23 of the primary election law, as amended by ch. 78, Acts 1919; but, to make such nominations effectual, certificates thereof must be filed within twenty days after the primary election held in the year in which they are made.  (p. 276).

(WILLIAMS, PRESIDENT, and MILLER, JUDGE, absent.)

Motion for peremptory writ of mandamus by the State, on the relation of Laurence Vernet and others, against Clay B. Wells and others, Ballot Commissioners.

*Peremptory writ awarded.*

*James S. McCluer,* and *M. G. Ambler,* for relators.

POFFENBARGER, JUDGE:

This is a motion for the award of a peremptory writ of man-
damus to compel the board of ballot commissioners of Wood
County, to omit from "The West Virginia Non-Partisan
League" ticket on the official ballot to be used in the general
election to be held, Nov. 2, 1920, the names of several persons
as candidates for local offices, on the ground that the certi-
ficates or petitions for their nominations were not filed in
time.    The movers are voters of said county and members of
"The West Virginia Non-Partisan League" and three of them
members of its executive committee, and the motion was made,
after notice to the members of the board of ballot commissions,
as authorized by sec. 89, ch. 3 of the Code, dispensing with
the requirement of an alternative writ.

The petitions or certificates of nomination relied upon by
a majority of the board of ballot commissioners, as authority
for their placing the names of certain candidates on "The
West Virginia Non-Partisan League" ticket, were filed with
the clerk of the Circuit Court of said county, Sept. 8, 1920.
Their purpose is to make nominations authorized by a proviso
in sec. 3 of ch. 5 of the Acts of the Extraordinary Session of
the Legislature of 1916, as amended by ch. 78, Acts of 1919,
saying any political party which polled less than ten per cent.
of the total vote cast for governor at the last preceding gen-
eral election, or any group of citizens, may nominate candi-
dates and elect committees for any political division, either by
party conventions or in accordance with the provisions of sec.
23 of said amending act.    But another proviso requires cer-
tificates of such nominations to be filed within twenty days
after the primary election for nominations.    The primary
election was held on the last Tuesday in May, 1920, as required
by law.    Hence, these certificates were filed more than two
months after expiration of the period within which they could
have been lawfully filed.

This limitation upon the right to make nominations is not
unreasonable.    It allows ample time therefor, and is more
liberal than the allowance made to established parties.    The
board of ballot commissioners have no right to put on any

ticket, the name of any person not nominated pursuant to law. *Cunningham et al.* v. *Cokely et al.,* 79 W. Va. 60.

It being thus shown that a majority of the board of ballot commissioners had departed from the requirements of law, respecting the ticket in question, in preparing the ballot, a peremptory writ was awarded, requiring them to omit the names of the candidates ih question.

*Peremptory writ awarded.*